# IN THE UNITED STATES DISTRICT
# COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARLENE J. ROBERTSON, | * | |
|     Plaintiff | * | |
| v. | * | |
| DECO SECURITY, INC., | * | CASE NO.: WDQ-09-3093 |
|     Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses Defendant Deco Security, Inc.'s Second Motion for Sanctions ("Def.'s Second Mot."), Paper No. 18.[1] Plaintiff Marlene J. Robertson has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. I find that a hearing is unnecessary in this matter. *See* Loc. R. 105.6. For the reasons stated herein, I recommend that Defendant's motion should be GRANTED and Plaintiff's case should be dismissed with prejudice.

## I. Factual and Procedural History

Defendant first propounded interrogatories and requests for production of documents on Plaintiff on March 17, 2010. Def.'s First Mot. Ex. 1, Paper No. 13. Having received no response from Plaintiff, Defense counsel contacted Plaintiff's counsel by mail on May 4, 2010, to request Plaintiff's responses and to notify Counsel that if Defendant did not receive a response by May

---

[1] On May 19, 2010, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Quarles referred this case to me to resolve discovery disputes and related scheduling matters. Paper No. 15.

14, 2010, it would "have no choice but to file the appropriate motion." *Id*. ¶¶ 2-3 & Ex. 2. Plaintiff did not respond. *Id.* ¶ 4.

Defendant filed its first Motion for Sanctions on May 18, 2010, along with a Certificate of Good Faith. Paper Nos. 13 & 14. Deco Security asked the Court to "impose sanctions against Plaintiff including, but not limited to, dismissing Plaintiff's Complaint with prejudice," or to grant other appropriate relief. Def.'s First Mot. 2. Plaintiff did not oppose the motion. During a June 9, 2010 telephone conference call with the Court regarding Defendant's first motion, Plaintiff's counsel stated that he agreed that an order compelling Plaintiff's response and assessing fees and costs against Plaintiff's counsel would be appropriate. June 16, 2010 Ltr. Order 1, Paper No. 17. Plaintiff failed to provide any justification as to why no discovery responses had been provided. *Id.* at 3. Consequently, the Court issued an Order compelling Plaintiff to provide fully responsive and complete answers to Defendant's interrogatories and a response to Defendant's request for production of documents within fourteen business days of the June 16, 2010 Letter Order. *Id.* Additionally, the Court instructed Defense counsel to serve on Plaintiff's counsel an itemized list of costs and attorney's fees reasonably incurred in connection with the first Motion for Sanctions and provided Plaintiff with five business days during which to serve a reply. *Id.*

On June 23, 2010, Defense counsel emailed to Plaintiff's counsel the list of costs and attorney's fees related to Defendant's First Motion. Def.'s Second Mot. Ex. C, Paper No. 18-3. By July 12, 2010, more than fourteen days had passed since the June 16, 2010 Letter Order and more than five days had passed since Plaintiff's counsel received the list of costs and fees, yet, according to Defendant, Plaintiff had not responded to Defendant's discovery requests. Def.'s Second Mot ¶ 4. On that basis, Defendant filed the pending Second Motion for Sanctions.

Defendant contends that as a result of Plaintiff's complete failure to comply with her discovery obligations and this Court's order to do so, it has been unable to prepare a defense adequately. *Id.* ¶ 7. Defendant also notes that Plaintiff has not responded to Defendant's list of costs and fees. *Id.* ¶ 6. Defendant asks the Court to award Defendant attorney's fees, to dismiss Plaintiff's Complaint with prejudice, and to grant any other appropriate relief. *Id.* at 3. As noted, Plaintiff has not filed a response.

On August 19, 2010, this Court issued a Letter Order, instructing Plaintiff to provide complete and non-evasive responses to Defendant's interrogatories and requests for production of documents within twenty-one (21) days of the letter order, and cautioning Plaintiff that "failure to provide this long-overdue discovery that previously has been ordered by the Court will result in a Recommendation that the case be dismissed with prejudice."

## II. Discussion

District courts have the authority to dismiss cases under Fed. R. Civ. P. 37(d) and 41(b) as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991). Rule 37(d) provides that the Court may order sanctions, including dismissal, if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3); *see* Fed. R. Civ. P. 37(b)(2)(A)(v) (stating that the court may "dismiss[] the action or proceeding in whole or in part"). Further, Fed. R. Civ. P. 41(b) provides that the court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order."

However, "[d]ismissal with prejudice is ordinarily reserved for the most egregious cases." *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998) (citing *Dove v.*

*Codesco*, 569 F.2d 807, 810 (4th Cir. 1978), in which the Court stated that dismissal with prejudice under Rule 41(b) was only for "clear record of delay or contumacious conduct by the plaintiff"). Indeed, "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, [should] result in the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). To that end, the Court applies a four-part test before dismissing a case pursuant to Rule 37(d). *Id.* The Court considers:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Id.* Prior to dismissal under Rule 41(b), the court must consider four similar factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice cased the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Review*, 916 F.2d 171, 174 (4th Cir. 1990). "[T]he Court will combine the two tests in determining if dismissal is appropriate under Rules 37(d) and 41(b)" because the legal standards for dismissal under both rules are "'virtually the same.'" *Taylor v. Fresh Fields Markets, Inc.*, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996) (quoting *Carter v. Univ. of W. Va. Sys.*, 23 F.3d 400, 1994 WL 192031, at *2 (4th Cir. 1994)); *see, e.g.*, *Tabor v. E.J. Patterson, Inc.*, No. Civ.A. 98-2438, 1999 WL 52144 (E.D. La. 1999) (analyzing facts under Fed. R. Civ. P. Rules 37(d) and 41(b) together and dismissing without prejudice *pro se* plaintiff's claims where plaintiff twice failed to appear for his scheduled deposition).

The Court also considers whether the party facing dismissal or a default judgment is aware of these possible sanctions. *See Green v. Chatillon & Sons*, 188 F.R.D. 422, 424 (M.D.N.C. 1998) (dismissing case with prejudice and noting that the plaintiff had "already been explicitly warned that her continued failure to provide discovery could lead to such a sanction"); *Sadler*, 178 F.R.D. at 59-60 (noting that "district courts must precede dismissal with an 'explicit and clear' threat to a party that failure to meet certain conditions could result in dismissal of the party's case with prejudice"). In *Sadler*, 178 F.R.D. at 60, even though the plaintiff's "conduct . . . appear[ed] to suggest bad faith, prejudice to the Defendants, and the need for deterrence," this Court stated that it would not dismiss her case with prejudice because she "was never explicitly and clearly warned that her failure to comply with the Court's discovery orders might result in dismissal." The Court dismissed her case without prejudice and imposed costs and attorney's fees, and it "expressly and explicitly warned" the plaintiff that if she failed to pay the costs and fees within thirty days of the Court order awarding them, her claims would be dismissed with prejudice. *Id.* "[T]he Fourth Circuit has . . . 'emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction.'" *Green*, 188 F.R.D. at 424 (quoting *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995)).

*Daye v. General Motors Corp.*, 172 F.R.D. 173 (M.D.N.C. 1997), provides helpful guidance. In *Daye*, the plaintiffs failed to respond to initial discovery requests; did not offer any explanation for their noncompliance; ignored a court order compelling discovery; and when ultimately faced with the possibility of dismissal, submitted a late and legally-insufficient response to the defendant's motion for sanctions. *Id.* at 175. The court warned the plaintiffs' attorney of the possibility of dismissal unless "excusable neglect could be shown for Plaintiffs' failure to respond to the motion." *Id.* It concluded that "[t]he egregious nature of the failure of

Plaintiffs and their counsel to act in accordance with the Orders of the Court makes the imposition of the most severe sanction an appropriate remedy in this case." *Id.* at 179. The court dismissed the plaintiffs' case with prejudice. *Id.* at 176. Notably, despite the plaintiffs' attorney's last-ditch effort to assume all responsibility for the noncompliance, the court noted that there was no evidence that the plaintiffs took "any affirmative action . . . to pursue their action vigorously before th[e] Court," and stated that the steps taken by the plaintiffs when faced with the possibility of dismissal were inadequate. *Id*. at 178.

*Middlebrooks v. Sebelius*, Civ. No. PJM 04-2792, 2009 WL 2514111 (D. Md. Aug. 13, 2009), also is instructive. There, the *pro se* plaintiff "failed to appear for properly noticed depositions, failed to supplement discovery regarding interrogatories, and failed to file a status report, despite the Court's directives that she do so." *Id.* at *1. The Court "specifically warned" the plaintiff that failure to respond to discovery requests, "including failure to appear for deposition, could result in dismissal of her case." *Id.* The Court said that the plaintiff "despite adequate warning of foreseeable consequences, . . . frustrated the legitimate discovery process." *Id.* at *2. It concluded that "[h]er continuous failure to attend deposition sessions, coupled with her continuous failure to respond to document requests and interrogatories, combine to warrant dismissal" with prejudice pursuant to Rule 37(d). *Id.* Specifically, the Court noted that the plaintiff "blatantly ignored Court Orders" without offering an excuse; caused the defendant prejudice by depriving it of information; exhibited behaviors that "go to the heart of the court process and totally inhibit[] a just resolution of disputes" and therefore "need[] to be deterred." *Id.* at *3. Moreover, the Court had already tried other forms of sanctions without success. *Id.*

In *Anderson v. Foundation for Advancement, Education and Employment of American Indians*, 155 F.3d 500, 503-04 (4th Cir. 1998), the Foundation was "extremely dilatory in

responding to both interrogatories and requests for documents," filed incomplete responses, failed to obey multiple Court Orders demanding compliance with discovery requests and issuing sanctions for noncompliance, and supplied "inconsistent answers as to why it missed discovery deadlines despite adequate warnings from the court." The district court "warned it that failure to comply within 15 days would result in the imposition of a default judgment." *Id.* at 503. Affirming the district court's entry of default judgment, the Fourth Circuit concluded that the sanction "was warranted both as a deterrent and as a last-resort sanction following the Foundation's continued disregard of prior warnings." *Id.* at 505. It noted that the Foundation "stonewalled on discovery from the inception of the suit," caused the plaintiff "expense, annoyance, and delay of prosecuting his case," and was not deterred by lesser sanctions such as making the plaintiff's discovery unavailable to the Foundation and imposing attorney's fees. *Id.* at 504-05.

Here, with regard to the first factor under both tests, the plaintiff's bad faith or personal responsibility, Plaintiff failed to respond to Defendant's discovery requests, even after the Court ordered her to respond within fourteen days. June 16, 2010 Ltr. Order 1. "Failure to respond to interrogatories can merit dismissal or default." *Green*, 188 F.R.D. at 424 (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976), and *Daye*, 172 F.R.D. at 179). Moreover, noncompliance with discovery orders supports a finding of bad faith. *Id.* In *Green*, the plaintiff demonstrated bad faith when she failed to comply with a magistrate judge's "order directing her to respond to [the defendant's] interrogatories and requests for documents." *Id.* Similarly, Ms. Robertson has demonstrated her bad faith by failing to comply with the June 16, 2010 and August 19, 2010 Letter Orders compelling the same. Ms. Robertson also did not respond to the initial discovery request. Nor has she justified her failure to respond. Although

Plaintiff's counsel accepted the blame for Plaintiff's initial failure to respond, Plaintiff's counsel is her agent, and Plaintiff is equally blame-worthy for her repeated failures to respond. *See Link v. Wabash R.R.*, 370 U.S. 626, 633-34 (stating that attorney is a "freely selected agent" such that there was "no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client."); *Rouse v. Lee*, 339 F.3d 238, 249 (4th Cir. 2003) ("Former counsel's errors are attributable to [plaintiff] not because he participated in, ratified, or condoned their decisions, but because they were his agents, and their actions were attributable to him under standard principles of agency."); *Daye*, 172 F.R.D. at 178. Thus, Plaintiff's conduct in this case demonstrates a "pattern of indifference and disrespect to the authority of the court," *Mut. Fed. Sav & Loan Ass'n*, 872 F.2d at 93, and supports the conclusion that Plaintiff acted in bad faith.

As noted, the second factor is the prejudice caused Defendant, for which I must consider whether the evidence withheld is material. *Id.* Considering that "[t]he purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available," *Middlebrooks*, 2009 WL 2514111, at *3, Defendant has suffered significant prejudice as a result of Plaintiff's continued noncompliance with discovery requests. The evidence sought by Defendant's initial discovery request goes to the heart of Plaintiff's claim and it cannot be disputed that Plaintiff's failure to answer even a single interrogatory precludes Defendant from preparing a defense. *See Anderson*, 155 F.3d at 505. The original discovery deadline has already been delayed once and would have to be postponed once again should this case proceed towards adjudication on its merits. June 16, 2010 Ltr. Order 3. Also, Plaintiff's noncompliance over the past five months since Defendant made its

initial discovery requests lead Defendant to file and argue two motions for sanctions. Thus, Defendant suffered additional prejudice in the form of added expenses, aggravation, and delay.

With regard to the third factor—Plaintiff's history of dilatoriness or noncompliance and the need to deter such behavior—Plaintiff has yet to comply with the rules of procedure or Court orders regarding discovery in this case, and Plaintiff has not indicated a likelihood of responding to future discovery requests. Conduct such as "stalling and ignoring direct orders of the court … must obviously be deterred." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93. Deterring egregious acts of noncompliance should prevent future litigants from "flout[ing] other discovery orders of other District Courts." *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976). Plaintiff's failure to respond to Defendant's discovery requests combined with her subsequent willful disregard of a Court order undermines this Court's ability to manage this case effectively and fairly.

As for the last factor, the effectiveness of lesser sanctions than dismissal, Plaintiff's unresponsiveness thus far despite Defendant's good faith efforts and the Court's repeated interventions in the discovery process indicates that further sanctions other than dismissal will not be effective. *See Anderson*, 155 F.3d at 505; *Middlebrooks*, 2009 WL 2514111, at *3.

In sum, Plaintiff has exhibited contumacious behavior toward the Defendant and the Court. As in *Daye*, 172 F.R.D. at 175, 178, Plaintiff failed to respond to Defendant's discovery request, Defendant's motions, or the Court's orders; did not explain why she did not respond; and did not actively pursue her case herself when her attorney failed to act. As in *Middlebrooks*, 2009 WL 2514111, at *3, Plaintiff's noncompliance prejudiced Defendant by withholding information such that it could not build its defense; disrupted the judicial process; and must be deterred. Plaintiff's noncompliance also has caused delay and monetary prejudice to Defendant.

Moreover, Plaintiff's failure to comply with Court orders and failure to respond to Defendant's filings demonstrates that no measure other than dismissal would be effective and enable this case to proceed forward to its resolution on the merits.

Further, this Court warned Plaintiff explicitly in its August 19, 2010 Letter Order that dismissal with prejudice was a possible sanction for her actions or, more accurately, inaction. *See Green*, 188 F.R.D. at 424; *Sadler*, 178 F.R.D. at 60. Accordingly, I recommend that, pursuant to Fed. R. Civ. P. 37(d) and 41(b), the Court dismiss with prejudice all of Plaintiff's claims against Defendant and impose costs and attorney's fees on Plaintiff.


Dated: September 22, 2010                             /S/

                                                     Paul W. Grimm
                                                     United States Magistrate Judge

lmy