IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                             *
MARLENE J. ROBERTSON,
                             *
       Plaintiff,
                             *
       v.                         CIVIL NO.: WDQ-09-3093
                             *
DECO SECURITY, INC.,
                             *
       Defendant.
                             *
```

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION

Marlene J. Robertson's employment discrimination case against Deco Security, Inc. ("Deco") was dismissed with prejudice for failure to respond to discovery requests. For the following reasons, Robertson's motion to re-open case, construed as a motion under Fed. R. Civ. P. 60(b), will be denied.

I.    Background

On November 18, 2009, Robertson sued Deco, her employer from July to September 2007, for sexual harassment, retaliation, and discrimination. Brian W. Shaughnessy is Robertson's lawyer. ECF No. 29 at 2.

Shaughnessy has a medical history of, *inter alia*, ischemic stroke and shoulder osteoarthritis. *Id.* On January 28, 2010, Shaughnessy visited his doctor for acute left shoulder pain that interfered with his work and sleep. *Id.* at 1. He was advised

to take medication and work less.  *Id.* at 2.

On March 17, 2010, Deco propounded interrogatories and requests for production of documents on Robertson.  ECF No. 28 at 1.  Robertson was required to serve responses by April 16, 2010, but did not.  *Id.*  On May 4, 2010, Deco told Shaughnessy that it would "have no choice but to file the appropriate motion" if responses were not submitted within ten days.  ECF No. 23 at 2-3.  After Shaughnessy missed this deadline, Deco moved for sanctions on May 18, 2010.  ECF No. 28 at 1.

In spring 2010, Shaughnessy handled four "major legal cases," which required him to travel to New York, Baltimore, and Philadelphia.  ECF No. 29 at 2.  From June to August 2010, Shaughnessy was in trial in New York and Baltimore.  *Id.* at 2.  During this time, Shaughnessy "was experiencing motor dysfunc-tion in his hands and memory loss."  *Id.*

On June 9, 2010, Judge Paul W. Grimm held a telephone conference with the parties's attorneys.  *See* ECF No. 17 at 3.  Shaughnessy provided no justification for failing to respond to the discovery requests, and agreed that an order compelling responses and awarding costs and attorneys' fees to Deco would be appropriate.  *Id.* at 1, 3.  On June 16, 2010, Judge Grimm issued an order that compelled responses by July 6, 2010, and awarded Deco costs and attorneys' fees.  *Id.*

After the July 6, 2010 deadline passed without any discovery responses, Deco filed a second motion for sanctions on July 12, 2010. ECF No. 18; ECF No. 28 at 2.

On August 19, 2010, Judge Grimm ordered Robertson to provide "complete and non-evasive responses to [Deco's] interrogatories and requests for production of documents" by September 9, 2010. ECF No. 21 at 1. The order "cautioned that failure to provide this long-overdue discovery that previously has been ordered by the Court will result in a Recommendation that the case be dismissed with prejudice." *Id.*

By fall 2010, Shaughnessy could not walk properly, and often had a drooping shoulder. ECF No. 29 at 2. He also suffered fatigue and sleepiness. *See* ECF No. 25 at 1.

By September 20, 2010, Deco still had not received any discovery responses. ECF No. 22.

On September 22, 2010, Judge Grimm issued a Report and Recommendation ("R&R") recommending that this Court dismiss Robertson's complaint with prejudice and grant Deco's second motion for sanctions. ECF No. 23 at 10. No objections were filed to the R&R, which was adopted by this Court on October 14, 2010. ECF No. 24. That day, this case was closed.

On October 26, 2010, Shaughnessy had a stroke that paralyzed his left arm and leg. ECF No. 29 at 2. He was hospitalized until December 1, 2010, and was unable to work. *Id.* In January

2011, Shaughnessy's wife sent Deco a check for attorneys' fees. *Id.* at 3. Since that month, Shaughnessy has been in physical and occupational therapy. *Id.* He remains in a wheelchair and is unable to walk or use his left arm and leg. *Id.*

On March 6, 2011, Robertson, by and through Shaughnessy, responded to Deco's discovery requests. *See* ECF No. 26. That day, Robertson, by and through Shaughnessy, filed a "motion to re-open case," which the parties and the Court have construed as a motion under Fed. R. Civ. P. 60(b). *See* ECF No. 25. On March 16, 2011, Deco opposed that motion. ECF No. 28. On March 26, 2011, Robertson filed her reply. ECF No. 29.

## II. Analysis

### A. Standard of Review

Under Fed. R. Civ. P. 60(b), a party may move for relief from a final judgment,[1] order, or proceeding. The moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). He must also show that he is entitled to relief under one of the six subsections of Rule 60(b). *Id.*

Rule 60(b) permits the Court to amend a final judgment, order, or proceeding because of: (1) mistake, inadvertence,

---

[1] A "judgment" is "a decree and any order from which an appeal lies." *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 856 (8th Cir. 2008).

4

surprise, or excusable neglect; (2) newly discovered evidence;
(3) fraud, misrepresentation, or misconduct by an opposing
party; (4) a void judgment; (5) satisfaction, release, or dis-
charge of a judgment; or (6) any other reason justifying relief.
Fed. R. Civ. P. 60(b).  For reasons (1)-(3), a Rule 60(b) motion
must be made within one year after the entry of the judgment or
order.  Fed. R. Civ. P. 60(c).  Because the Court adopted the
R&R dismissing the case with prejudice on October 24, 2010, and
Robertson filed the motion to re-open case on March 6, 2011, her
motion is timely.

B. Robertson's Motion

Robertson, by and through Shaughnessy, argues that this
case should be re-opened because of Shaughnessy's "excusable
neglect" under Rule 60(b)(1).  *See* ECF No. 25 at 1; ECF No. 29
at 3.  She asserts that Shaughnessy's shoulder pain, motor
dysfunction, memory loss, fatigue, sleepiness, October 26, 2010
stroke, and subsequent five-week hospitalization prevented her
from responding to Deco's discovery requests.  *See id.* at 2; ECF
No. 25 at 1.  She also argues that she, as a client, should not
be penalized for the delay of her lawyer in submitting the
responses, which have now been filed.  *Id.* at 2; ECF No. 26.

Deco argues that Robertson has not shown excusable neglect
that would justify re-opening this case after her "unwarranted
and inexcusable delays."  ECF No. 28 at 3.  Deco asserts that it

has never been contacted by Shaughnessy to discuss his health problems. *Id.* Deco also argues that it would be prejudiced by having to litigate this case now. *Id.*

"Excusable neglect is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996). In determining whether excusable neglect exists, the Court considers, for example, the danger of prejudice to the other party, the length of and reason for the delay, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993). Disobeying a court order may indicate lack of good faith. *See, e.g., Daye v. Gen. Motors Corp.*, 172 F.R.D. 173, 177 (M.D.N.C. 1997).

A non-debilitating illness usually does not constitute excusable neglect, especially if the attorney was able to perform other litigation tasks during his illness. *See, e.g., Gruber v. Unum Life Ins. Co. of Am.*, 195 F. Supp. 2d 711, 716 (D. Md. 2002); *Lynn v. West*, No. 2:94CV00577, 2000 WL 1229752, at *3 n.3 (M.D.N.C. Aug. 8, 2000). An attorney's inexcusable neglect will be attributed to his client under agency princi-ples. *See Rouse v. Lee*, 339 F.3d 238, 249 (4th Cir. 2003).

Although Shaughnessy suffered shoulder pain since January 2010 and motor dysfunction and memory loss since spring 2010, he did not tell Judge Grimm, this Court, or Deco about his

condition.  *See* ECF No. 28 at 3.[2]  That Shaughnessy suffered a
stroke on October 26, 2010 and was hospitalized for five weeks
does not explain why he missed the April 16, July 6, and Septem-
ber 9, 2010 response deadlines, or failed to object to the
September 22, 2010 R&R recommending dismissal with prejudice and
a second set of sanctions.  Ignoring court orders, receiving
sanctions, and failing to communicate with Deco indicate a lack
of good faith.[3]

Also, that Shaughnessy handled major legal cases beginning
in spring 2010, which required extensive traveling and being in
trial through August 2010, indicates that he was healthy enough
to file the responses during that period.[4]  Alternatively,

---

[2] *See, e.g.*, *Calkins v. Pacel Corp.*, No. 3:07cv00025, 2008 WL
2844695, at *4 (W.D. Va. 2008) (defendant's "serious illness"
did not constitute excusable neglect for failing to respond to
discovery requests and subsequent orders compelling discovery;
the court should have been notified about the illness in a "much
more timely fashion," such as by the first missed deadline).

[3] *Daye*, 172 F.R.D. at 177-78 (plaintiff's counsel could not show
excusable neglect by arguing that his illness prevented him from
responding to discovery requests; that he failed to contact
defense counsel for several months and continued to ignore the
requests after being sanctioned evidenced bad faith).

[4] *See, e.g.*, *Provident Life & Acc. Ins. Co. v. Clarke*, No.
1:06CV792, 2008 WL 619289, at *3 (E.D. Va. Mar. 4, 2008) (*pro se*
plaintiff's multiple sclerosis, anxiety attacks, and "foggy
mental state" was not excusable neglect for appealing too late;
there was no evidence that he "was so impaired as to be unable
to file" the appeal notice); *Lynn*, 2000 WL 1229752, at *3 n.3
(because counsel "worked full time during most of the pendency
of [the] case," his terminal illness probably was not

Shaughnessy, whose signature block reveals that he works for Shaughnessy, Volzer & Gagner, PC, might have been able to ask a co-worker for help.  ECF No. 25 at 2.[5]

Although Robertson contends that she should not be punished for Shaughnessy's delay, Shaughnessy is Robertson's agent and his errors are thus attributable to her.[6]  Further, "the record is devoid of evidence [indicating] any affirmative action taken by [Robertson herself] to pursue [her] action."  *Daye,* 172 F.R.D. at 177.

Lastly, re-opening this case would prejudice Deco.  Discovery responses were sent to Deco on March 6, 2011, more than five months after this case was dismissed with prejudice and almost a year after discovery responses were initially due.  Requiring Deco to defend Robertson's case when it has lacked discovery to help build its defense for almost a year, witness memories

---

incapacitating and likely would not have constituted excusable neglect in filing a fee petition late).

[5] *See, e.g., Gruber*, 195 F. Supp. 2d at 716 (illness and hospitalization of a lawyer, whose letterhead indicated that he "work[ed] in a firm with several other lawyers," could not justify a four-month delay in filing an appeal).

[6] *See Rouse*, 339 F.3d at 249; *see also* ECF No. 23 at 7-8 (unopposed R&R noting that because Shaughnessy is Robertson's agent, she is "equally blameworthy for her repeated failures to respond").

have faded, and evidence may have been lost, would be prejudicial.[7]

Because Robertson has not shown excusable neglect justifying Rule 60(b) relief, her motion to re-open case will be denied.

III. Conclusion

For the reasons stated above, Robertson's motion to re-open case, construed as a motion under Fed. R. Civ. P. 60(b), will be denied.

March 31, 2011
Date

_____/s/_____
William D. Quarles, Jr.
United States District Judge

---

[7] *See, e.g.,* Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 502, 505 (4th Cir. 1998) (defendant's "continued failure to [meet discovery] deadlines despite adequate warnings from the court" prejudiced plaintiff by causing expense, delay, and annoyance); *see also* ECF No. 23 at 6–7 (unopposed R&R noting that "[Deco] has suffered significant prejudice as a result of [Robertson's] continued noncompliance with discovery requests" because it was prevented from preparing a defense).